**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEITH DEMOND THOMPSON,

                Petitioner,                 CASE NO. 07-11726

-vs-                                     PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

WARDEN, FCI MANCHESTER,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Keith Demond Thompson has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for delivery of cocaine and maintaining a drug vehicle. Respondent argues in an answer to the habeas petition that Petitioner is not in custody for the convictions under attack. The Court agrees. Consequently, the habeas petition must be dismissed.

**I.     BACKGROUND**

On June 28, 2004, a circuit court jury in Genesee County, Michigan found Petitioner guilty of delivery of less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and maintaining a drug vehicle, Mich. Comp. Laws § 333.7405(1)(d). On September 2, 2004, the trial court sentenced Petitioner to 182 days in jail and 24 months on probation. The Michigan Court of Appeals affirmed Petitioner's drug delivery conviction, but reversed Petitioner's conviction for maintaining a drug vehicle on the ground that there was insufficient evidence to support the conviction. *See People v. Thompson*, No. 258336, 2006 WL 445917 (Mich. Ct. App. Feb. 23, 2006)

(unpublished). The Michigan Supreme Court vacated the judgment of the Michigan Court of Appeals and remanded the case for reconsideration of Petitioner's sufficiency-of-the-evidence claim in light of its interpretation of Mich. Comp. Laws § 333.7405(1)(d). *See People v. Thompson*, 477 Mich. 146 (2007). On remand, the Michigan Court of Appeals once again affirmed Petitioner's drug delivery conviction and reversed his conviction for maintaining a drug vehicle. *See People v. Thompson*, No. 258336, 2007 WL 2051977 (Mich. Ct. App. July 17, 2007) (unpublished). The State appealed, but on October 29, 2007, the Michigan Supreme Court denied leave to appeal. *See People v. Thompson*, __ Mich. __; 740 N.W.2d 252 (2007).

Meanwhile, Petitioner filed his habeas corpus petition on December 27, 2006.[1] The grounds for relief are:

1. Violation of the Confrontation Clause under the Sixth Amendment.
2. Prosecutorial Misconduct.

Respondent maintains that the Court lacks jurisdiction because Petitioner was discharged from state custody before he filed his habeas petition.

## II. DISCUSSION

A federal district court may entertain an application for the writ of habeas corpus under 28 U.S.C. § 2254 only if the prisoner is "in custody" in violation of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Supreme Court has interpreted this language to mean that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234,

---

[1] Petitioner filed his habeas petition in the United States District Court for the Eastern District of Kentucky, which transferred the case to this District.

238 (1968)) (emphasis added). The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original). In fact, "once the sentence imposed for a conviction has completely expired, [even] the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack." *Id*. at 492.

Records maintained by the Michigan Department of Corrections indicate that Petitioner was discharged from state custody on August 7, 2006. He filed his habeas corpus petition on December 27, 2006. By then, he was no longer in custody for the convictions under attack. He is incarcerated in a federal facility and apparently is serving a federal sentence.

## III.   CONCLUSION

Petitioner fully served his sentence for the convictions being challenged before he filed his habeas petition. Therefore, he has not satisfied the "in custody" requirement, and the Court lacks jurisdiction to adjudicate the merits of his claims. The habeas petition is **DISMISSED** without prejudice. The Court **DECLINES** to issue a certificate of appealability because a clear procedural bar exists, and reasonable jurists would not find it debatable "whether the petition states a valid claim of the denial of a constitutional right" or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 29, 2008.

s/Denise Goodine  
Case Manager
