UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEITH DEMOND THOMPSON,

        Petitioner,

                                            CASE NO. 07-11726

v.

                                            PAUL D. BORMAN
WARDEN, FCI MANCHESTER,          UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER
(1) PERMITTING PETITIONER TO FILE A REPLY
TO THE STATE'S ANSWER TO THE HABEAS PETITION AND
(2) DIRECTING THE STATE TO FILE AN
AMENDED ATTACHMENT TO ITS ANSWER**

Petitioner Keith Demond Thompson is an inmate at the Federal Correctional Institution in Manchester, Kentucky. On December 27, 2006, Petitioner filed a habeas corpus petition in the Eastern District of Kentucky, which transferred the case to this District. The habeas petition challenges Petitioner's Michigan convictions for delivery of cocaine and maintaining a drug vehicle.

On November 26, 2007, the State of Michigan filed an answer to the habeas petition, arguing that Petitioner was not in custody for the convictions and sentence, which he challenged in his habeas petition. The State indicated in a certificate of service that it mailed a copy of its answer to Petitioner at the Federal Prison in Manchester, Kentucky. On January 29, 2008, the Court dismissed the habeas petition on the ground that Petitioner was not in custody for the convictions under attack and, therefore, the Court lacked jurisdiction to adjudicate the merits of his claims.

Currently pending before the Court is Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (6). Petitioner alleges that he did not receive the State's answer to his habeas petition. He wants an opportunity to file a reply to the State's answer in an attempt to show that he is entitled to attack his state convictions because they were used to enhance his federal sentence.

Although the Court may relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1) and (6), the Court is reluctant to grant relief from judgment at this time. The Court will hold Petitioner's Rule 60(b) motion in abeyance until Petitioner has had additional time to file a reply to the State's answer to his habeas petition.

The Clerk of Court is ORDERED to mail a copy of this order and a copy of the State's Answer to the Habeas Petition to Petitioner. Petitioner shall have **forty-five (45) days** from receipt of the State's answer to file his reply brief.

In the meantime, the State is ORDERED to file the correct attachment to its answer to the habeas petition and to mail a copy of the correct attachment directly to Petitioner.[1] Upon receipt of the correct exhibit and Petitioner's reply, the Court will determine whether relief from judgment is required.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

---

[1] Page 4 of the State's answer asserts that its attachment to the answer is an offender tracking record maintained by the Michigan Department of Corrections. The actual attachment is a copy of the Court's docket sheet for this case as of November 26, 2007.

Dated: April 28, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 28, 2008.

s/Denise Goodine<br>Case Manager