# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEITH DEMOND THOMPSON,

    Petitioner,

CASE NO. 07-11726

vs.

PAUL D. BORMAN

WARDEN, FCI MANCHESTER,

UNITED STATES DISTRICT JUDGE

    Respondent.

_____/

## OPINION AND ORDER
## DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

This matter is pending before the Court on Petitioner Keith Demond Thompson's ("Petitioner") motion for relief from the Court's opinion and judgment dismissing his habeas corpus petition. The Court stated in its dispositive opinion that Petitioner was not in custody for the conviction under attack, as required by 28 U.S.C. §§ 2241(c)(3) and 2254(a), and, therefore, the Court lacked jurisdiction to adjudicate the merits of his claims.

Having re-considered the issue, the Court has determined that Petitioner is not entitled to relief from judgment even if the Court were to conclude that he is "in custody." Accordingly, the motion for relief from judgment will be denied. A procedural history and discussion follow.

## I. Background

### A. The State Conviction

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted of delivery of less than fifty grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv), and maintaining a drug vehicle, MICH. COMP. LAWS § 333.7405(1)(d). On September 2, 2004, he was sentenced to 182 days

in jail and to two years on probation.

On appeal from his convictions, Petitioner challenged the sufficiency of the evidence for his conviction of maintaining a drug vehicle. He also claimed that the trial court erred in permitting police officers to testify on the substance of a confidential informant's tip and that the prosecutor committed misconduct. The Michigan Court of Appeals affirmed Petitioner's cocaine conviction, but vacated his conviction for maintaining a drug vehicle. *See People v. Thompson*, No. 258336 (Mich. Ct. App. Feb. 23, 2006) (unpublished). The Michigan Supreme Court vacated the judgment of the Michigan Court of Appeals and remanded the case for reconsideration of Petitioner's sufficiency-of-the-evidence claim in light of its construction of the criminal statute. *See People v. Thompson*, 477 Mich. 146; 730 N.W.2d 708 (2007).[1] On remand, the Michigan Court of Appeals again reversed Petitioner's conviction for maintaining a drug vehicle, but affirmed his conviction for delivery of cocaine. *See People v. Thompson*, No. 258336 (Mich. Ct. App. July 17, 2007) (unpublished). The Michigan Supreme Court denied the State's subsequent application for leave to appeal. *See People v. Thompson*, 480 Mich. 927; 740 N.W.2d 252 (2007).

**B. The Federal Conviction**

While Petitioner was serving his probationary state sentence, he committed a federal offense and was convicted of two counts of distribution of five or more grams of cocaine base. *See* 21 U.S.C. 841(a)(1). On May 20, 2006, United States District Judge Paul V. Gadola sentenced Petitioner to two concurrent terms of 188 months in prison, followed by eight years of supervised

---

[1] Justices Michael F. Cavanagh and Elizabeth A. Weaver concurred in Justice Clifford W. Taylor's opinion, and Justice Stephen J. Markman concurred in a separate opinion. Justice Marilyn J. Kelly concurred only in the result, while Justices Maura D. Corrigan and Robert P. Young, Jr., concurred in part and dissented in part.

2

release. Petitioner currently is confined at the Federal Correctional Institution in Milan, Michigan.

### C. The Habeas Petition and Motion for Relief from Judgment

On August 6, 2006, Petitioner was discharged from his state sentence, and on December 27, 2006, he filed his habeas corpus petition in the Eastern District of Kentucky, which transferred the case to this District. The habeas petition challenges Petitioner's state conviction for delivery of cocaine. Petitioner alleges that (1) the trial court violated his right to confront the witnesses against him by permitting several officers to testify about statements made by a confidential informant and two other people and (2) the prosecutor committed misconduct. On January 29, 2008, the Court dismissed the habeas petition on the ground that Petitioner was not was in custody for the conviction under attack.

On February 21, 2008, Petitioner filed the pending motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1) and (6). He alleged for the first time that his federal sentence was enhanced by his state conviction and that he was entitled to attack his prior conviction even if he was not in custody for it. The Court held Petitioner's motion in abeyance because Petitioner claimed that he never received the State's answer to his habeas petition. Petitioner recently filed a "traverse brief" in which he argues that he was in custody for his state conviction when he filed his habeas petition and that the Court has jurisdiction to adjudicate the substantive merits of his claims.

## II. Discussion

### A. Rule 60(b) Motions

Federal Rules of Civil Procedure 60(b)(1) and (6) permit a court to relieve a party from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect" or "any other

3

reason that justifies relief."

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990); *see also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863-64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Olle,* 910 F.2d at 365; *see also Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle,* 910 F.2d at 365.

*Blue Diamond Coal Co. v. Trustees of UMWA*, *Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

**B. Application**

Petitioner alleges that he was never notified of his discharge from state custody and that, in the absence of any notification from the State that it discharged him, he remained in custody for purposes of filing his habeas corpus petition. Although Petitioner was entitled to notice of his discharge from his state sentence, MICH. COMP. LAWS § 771.6, the lack of notice does not change the fact that the State discharged him from his two-year probationary sentence. Furthermore, as the following paragraphs point out, Petitioner would not be entitled to relief from judgment even if the Court were to determine that Petitioner was "in custody" when he filed his habeas petition.

The Court could construe the habeas petition to challenge Petitioner's federal conviction as enhanced by his prior state conviction. In that sense, Petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2254(a). *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). However,

4

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04 (internal citation omitted). An exception exists when, in the prior case, "there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*. at 404.

Three justices of the Supreme Court determined in *Coss* that another exception might exist when the habeas petition is "the first and only forum available for review of the prior conviction." *Id*. at 406. This could occur when (1) "a state court . . . , without justification, refuse[s] to rule on a constitutional claim that has been properly presented" or (2) "a defendant . . . obtain[s] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id.* at 405.

None of these exceptions exist here. Petitioner was represented by counsel at his state jury trial, and he had a forum for review of his state conviction during the direct appeal from his conviction. The Michigan Court of Appeals did not refuse to consider his claims, and he has not presented any new evidence that he is actually innocent of the cocaine conviction.

## III. Conclusion

Petitioner has failed to show that the Court made a mistake of law or that principles of equity mandate relief. He is challenging a state conviction for which he is not "in custody" because his sentence expired before he filed his habeas petition.

Furthermore, even if the Court were to construe the habeas petition as an attack on Petitioner's current federal conviction and sentence, as enhanced by the state conviction, *Coss* dictates that he cannot use a § 2254 habeas petition to challenge his state conviction, because the

5

state conviction is no longer open to direct or collateral attack in its own right. *See People v. Rutherford*, 208 Mich. App. 198, 204; 526 N.W.2d 620, 623 (1994) (declining to review a proportionality challenge to a defendant's sentence where the defendant had already served his minimum sentence and noting that an issue becomes moot when a subsequent event renders it impossible for the court to fashion a remedy).

For these reasons, the Court finds Petitioner's state conviction is final and not reviewable. Consequently, Petitioner is not entitled to relief from judgment, and his Rule 60(b) motion is **DENIED**. (Dkt. No. 17).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 25, 2008.

s/Denise Goodine
Case Manager