**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH DEMOND THOMPSON,

        Petitioner,

                              CASE NO. 07-11726

v.

                              PAUL D. BORMAN
WARDEN, FCI MANCHESTER,    UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION**
**TO ALTER OR AMEND THE JUDGMENT**

Petitioner Keith Demond Thompson has moved to alter or amend the Court's judgment, which dismissed Petitioner's habeas corpus petition on the ground that he was not in custody for the conviction under attack. Petitioner alleges in his pending motion that he is seeking to prevent manifest justice from alleged constitutional violations and to correct the Court's errors in dismissing his habeas petition and denying his prior post-judgment motions.

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005), *cert. denied*, 547 U.S. 1070 (2006). "This standard is not inconsistent with the 'palpable defect' standard" applied in this District when

addressing motions for reconsideration. *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Pursuant to local rule,

> the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005).

The pending motion raises issues that the Court has already ruled on. The Court is not persuaded that it made a clear error of law or that it was misled by a palpable defect when it dismissed Petitioner's habeas petition and denied his subsequent motions for reconsideration and for relief from judgment. It is not necessary to alter or amend the judgment to prevent a manifest injustice, as Petitioner's state conviction is final and not reviewable. Accordingly, Petitioner's motion to alter or amend the judgment [Dkt. No. 23] is **DENIED.**

    **SO ORDERED**.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 8, 2009.

S/Denise Goodine

Case Manager